# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARK A. WEISS, | |
| Petitioner, | Case No. 19-CV-1706-JPS |
| v. | |
| TIM LUNDQUIST, | |
| Respondent. | **ORDER** |

On November 20, 2019, Petitioner, currently incarcerated at Racine Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ostensibly to claim that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). As an initial matter, the Court must screen the petition under Rule 4 of the Rules Governing Section 2254 Proceedings, which requires the Court to promptly examine the petition and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief."

Petitioner was charged in Kenosha County Circuit Court with arson, burglary, and recklessly endangering a person's safety. *State of Wisconsin v. Mark A. Weiss*, Kenosha County Circuit Court Case No. 2016-CF-1249, *available at*: https://wcca.wicourts.gov/. Publicly available state records reveal that the matter is ongoing and that no conviction has been obtained or sentenced imposed. *Id.* Petitioner candidly admits this fact. (Docket #1 at 2). The instant Section 2254 petition generally asserts Petitioner's innocence of the crimes charged. *Id.* at 6–7.

The petition must be dismissed for multiple reasons. Assuming Petitioner actually intended to file a Section 2254 petition, the petition fails at the outset, as that statute only permits a prisoner to challenge "the judgment of a State court[.]" 28 U.S.C. § 2254(a). Petitioner acknowledges that no judgment has yet been entered in his case. Even if Petitioner brought this lawsuit pursuant to the more appropriate habeas statute, 28 U.S.C. § 2241, it would still fail. Section 2241 allows pre-trial detainees to challenge their continued confinement.[1] However, as the Seventh Circuit explains, Section 2241 petitions offer very limited avenues for relief:

> Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). *See also* [*Younger v. Harris*, 401 U.S. 37, 43 (1971)]. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies.

*Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009); *Tran v. Bartow*, 210 F. App'x 538, 540 (7th Cir. 2006). Petitioner's claims do not fall within the limited set which this Court could hear in a Section 2241 petition. Further, Petitioner admits that he failed to exhaust his state court remedies via appeals and/or post-conviction motions. *See* (Docket #1 at 3–6). The Court must, therefore, dismiss this action without prejudice.

---

[1] In truth, it is not clear whether Petitioner could demand Section 2241 relief, as his current confinement stems from convictions in numerous other, prior criminal cases. The Court continues its discussion assuming relief would theoretically be available.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's procedural ruling was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge